## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2581 | **DATE** | 10/22/2004 |
| **CASE TITLE** | DIANE BINGHAM vs. CNA FINANCIAL CORPORATION | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

### MEMORANDUM OPINION AND ORDER

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Defendant's motion to dismiss is granted, but with leave to plaintiff to reinstate.

(11) ■ [For further detail see order attached to the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | |
| | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

| LG | courtroom deputy's initials |
|---|---|

Document Number

15

OCT 2 5 2004

date docketed

JMP

docketing deputy initials

date mailed notice

mailing deputy initials

U.S. DISTRICT COURT
CLERK

2004 OCT 22 PM 5:00

Date/time received in central Clerk's Office

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BINGHAM,                          )
                                        )
                  Plaintiff,            )
                                        )
        vs.                             )     No.  04 C 2581
                                        )
CNA FINANCIAL CORPORATION,              )
                                        )
                  Defendant.            )

## MEMORANDUM OPINION AND ORDER

Plaintiff Diane Bingham brought this action against defendant CNA Financial Corporation (CNA), alleging violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001 *et seq.*, and *equitable estoppel*. CNA has now filed a motion to dismiss, arguing that plaintiff failed to exhaust her remedies under her ERISA plan before filing suit. CNA's motion is granted, but with leave to plaintiff to reinstate, if necessary, following her exhaustion of remedies.

## BACKGROUND

The following facts, taken from plaintiff's complaint, are, for purposes of this motion, accepted as true. Plaintiff began working for CNA in 1985. After an unspecified period of time plaintiff left the company, only to be recruited and re-hired in August 1995.[1] Plaintiff alleges that when she rejoined the company, CNA, through two of its representatives, Joyce Faulkner and Carolyn Griffin, agreed to "bridge her time," allowing her to receive benefits

---

[1] Though the complaint does not indicate how long after her 1985 hire date plaintiff left CNA, in a letter dated January 26, 2004, which defendant attached to its motion to dismiss, CNA states that the first time plaintiff was terminated was in May 1988.

as if she had remained an employee since 1985. As a result, from 1995 until September 2003, CNA calculated plaintiff's benefits as though her employment was never interrupted. Her annual vacation, paid time-off, and 401k eligibility were based on a 1985 hire date.

In September 2003, CNA eliminated plaintiff's position and terminated her. In a termination letter dated September 18, 2003, CNA informed plaintiff that she was eligible for $43,359.23 in severance, the equivalent of 36.82 weeks of severance pay. After plaintiff inquired about her benefits, she received another termination letter, also dated September 18, 2003. The second letter stated that plaintiff was eligible for only 16.62 weeks of severance pay or $19,571.71. Plaintiff later learned that CNA allegedly changed her seniority date from 1985 to 1995.

## DISCUSSION

A Federal Rule of Civil Procedure 12(b)(6) motion to dismiss tests the sufficiency of the complaint, not the merits of the case. Triad Assocs., Inc. v. Chicago Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). In deciding a motion to dismiss, the court must assume the truth of all well-pleaded allegations, making all inferences in the plaintiff's favor. Sidney S. Arst Co. v. Pipefitters Welfare Educ. Fund, 25 F.3d 417, 420 (7th Cir. 1994). The court should dismiss a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Before addressing the merits of defendant's motion, we must determine whether it is properly viewed as a motion to dismiss. Along with its motion, CNA submitted the affidavit of Cheryl Kennedy, CNA's director of benefits consulting; a letter written by plaintiff to CNA officials; and CNA's written response to letters from plaintiff and her attorney seeking reinstatement of her larger severance payment. Plaintiff argues that defendant's reliance on

documents outside the complaint converts its motion to dismiss into a motion for summary judgment. Generally, if a party provides materials outside the pleading with a motion to dismiss, and the court does not exclude the materials, then the motion must be converted into a motion for summary judgment. R.J. Corman Derailment Services, LLC v. International Union of Operating Engineers, Local Union 150, 335 F.3d 643, 647 (7th Cir. 2003). However, as defendant argues, documents that plaintiff refers to in her complaint and that are central to her claims may be considered by the court, even if they are not submitted with the complaint. Albany Bank & Trust Co. v. Exxon Mobil Corp., 310 F.3d 969, 971 (7th Cir. 2002). Not all of defendant's submissions would fall under this exception. For example, Cheryl Kennedy's affidavit asserting that plaintiff did not exhaust her administrative remedies under CNA's ERISA plan is not referred to in plaintiff's complaint. Regardless, we need not consider any of CNA's supplemental materials to determine whether plaintiff exhausted her administrative remedies, because she admits that she did not. Thus, we will disregard the documents, avoiding any concern that defendant's motion must be considered a motion for summary judgment.

An ERISA plaintiff must exhaust her internal administrative remedies "[a]s a prerequisite to filing suit." Zhou v. Guardian Life Insurance Co. of America, 295 F.3d 677, 679 (7th Cir. 2002). The exhaustion requirement encourages the private resolution of ERISA-related disputes, see Powell v. AT&T Communications, Inc., 938 F.2d 823, 826 (7th Cir. 1991), reduces the number of frivolous lawsuits and allows for the preparation of a more complete factual record, see Gallegos v. Mt. Sinai Medical Center, 210 F.3d 803, 807-08 (7th Cir. 2000). The CNA Severance Pay Plan, a copy of which plaintiff attached to her complaint, states that if the plan administrator denies a claim for benefits, the claimant may appeal the decision to

the plan administrator within ninety days after the denial. If the plan administrator upholds the denial, then the claimant may appeal the decision to the CNA Operations Committee. Plaintiff's complaint is silent as to the actions she took under the plan after CNA announced the reduction in her benefits. In her response to the motion to dismiss, however, plaintiff admits that she did not exhaust her remedies under the plan. After receiving CNA's second termination letter, both plaintiff and her attorney wrote letters protesting the reduction of benefits. CNA responded with a letter dated January 28, 2004, denying plaintiff's claim to benefits based on a 1985 start date. The letter reaffirmed plaintiff's right to appeal the decision under the Severance Pay Plan. Instead, plaintiff filed this action in federal court.

Plaintiff argues that she did not need to exhaust her remedies because it would have been futile. A claimant need not exhaust her administrative remedies before filing a federal action if pursuing the remedy would be futile. *See* Ames v. American National Can Co., 170 F.3d 751, 756 (7th Cir. 1999). The futility exception only applies when the plaintiff shows that "it is certain that [her] claim will be denied on appeal, not merely that [she] doubts that an appeal will result in a different decision." Smith v. Blue Cross & Blue Shield United of America, 959 F.2d 655, 659 (7th Cir. 1992); *see* Zhou, 295 F.3d at 680. In Zhou, the Seventh Circuit rejected plaintiff's argument that pursuing administrative remedies would have been futile, finding that plaintiff presented no facts that would lead to the conclusion that denial of his claim on appeal was a certainty. 295 F.3d at 680. Bingham contends that unlike in Zhou, denial is a certainty in her case because she fully informed CNA of the reasons she is entitled to the larger severance payment, and she has no new evidence to provide to CNA on appeal. We fail to see how plaintiff's lack of additional information on appeal is evidence that a different body, the CNA Operations Committee, is certain to deny her claim. Just as in Zhou,

plaintiff has provided no support for her claim that exhausting her administrative remedies would be futile.

The exhaustion requirement applies not only to plaintiff's ERISA claim for wrongful denial of benefits (Count I), but also to her *equitable estoppel* claim (Count II). In Count II, plaintiff seeks the same remedy as in Count I, a $43,359.23 severance payment plus interest, and attorney's fees and costs. Plaintiff argues that CNA induced her to return to the company by ensuring her benefits based on a 1985 start date, and now after eight years employment, CNA must be equitably estopped from denying her those benefits. Though the Seventh Circuit has not applied the exhaustion requirement to *equitable estoppel* claims intertwined with ERISA actions, it, along with other circuits, has required plaintiffs to exhaust their administrative remedies before pursuing claims that recast an ERISA claim. *See* Powell v. AT&T Communications, Inc., 938 F.2d 823, 825 (7th Cir. 1991)(applying the exhaustion doctrine to statutory claims for breach of fiduciary duty); Drinkwater v. Metropolitan Life Insurance Co., 846 F.2d 821, 825-26 (1st Cir. 1988)("[T]his is a simple contract claim artfully dressed in statutory clothing. If we were to allow claimants to play this characterization game, then the exhaustion requirement would be rendered meaningless."); Simmons v. Willcox, 911 F.2d 1077, 1081 (5th Cir. 1990); Schultz v. Quaker Oats Co., 1999 U.S. Dist. LEXIS 1615 (N.D. Ill. 1999). In Simmons, the Fifth Circuit held, given that an improper denial of ERISA benefits can be recast as a breach of fiduciary duty claim, the exhaustion requirement applies to breach of fiduciary duty claims under ERISA. 911 F.2d at 1081. Just as a denial of benefits can be reframed as a breach of fiduciary duty, it can also be reframed as a claim for *equitable estoppel*. To avoid rendering the exhaustion requirement meaningless, we apply it to plaintiff's *equitable estoppel* claim in this case.

## <u>CONCLUSION</u>

For the foregoing reasons, defendant's motion to dismiss is granted, but with leave to

plaintiff to reinstate.

James B. Moran
**JAMES B. MORAN**
Senior Judge, U. S. District Court

Oct. 22 , 2004.