IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIANE BINGHAM, | ) |
| Plaintiff, | ) ) ) ) |
| vs. | ) No. 04 C 2581 ) |
| CNA FINANCIAL CORP., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Diane Bingham brought an action against CNA Financial Corporation (CNA), alleging violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, and equitable estoppel. Defendant moved to dismiss pursuant to FED. R. CIV. P. 12(b)(6) for failure to exhaust administrative remedies, and the motion was granted, with leave to reinstate. After exhausting her administrative remedies, plaintiff moved for reinstatement and her motion was granted on April 21, 2005; and on June 2, 2005, she filed an amended complaint. Defendant now moves for a protective order, limiting discovery by plaintiff to information contained in the record of her ERISA administrative appeals. For the reasons set forth below, we grant defendant's motion.

## BACKGROUND

Plaintiff was initially hired by CNA in 1985. After a brief time she left the company. And, after an absence of seven years, she was rehired by CNA. According to plaintiff, she accepted re-employment with CNA in 1995 on the condition that the company "bridge her time" for purposes of benefits and vacations, allowing her to retain the benefits of a 1985 employee. Plaintiff alleges that two of CNA's representatives, Joyce Faulkner and Carolyn

Griffin, agreed to bridge plaintiff's time. In September 2003, CNA terminated plaintiff's position, offering her a severance package. She received a letter dated September 18, 2003, informing her that she was eligible for $43,359.23 in severance, equal to 36.82 weeks of severance pay – the amount equal to her employment since 1985. Plaintiff then received a second letter in the same format, also dated September 18, 2003, stating that she was eligible for $19,571.71 in severance, equal to 16.62 weeks of severance pay – the amount equal to her employment since 1995. Plaintiff alleges that CNA changed her seniority date from 1985 to 1995 in an attempt to save money on her severance and benefits package, in contravention of the guaranteed time bridge she negotiated prior to her re-employment. Defendant claims that plaintiff never secured an agreement to bridge her time for severance benefits, and that the first letter regarding severance pay had been sent in error.

Plaintiff brings suit against CNA for violation of ERISA and equitable estoppel. Upon being served with discovery requests, defendant made this motion for a protective order limiting discovery by plaintiff.

## DISCUSSION

In ERISA cases, an administrator's denial of benefits is reviewed *de novo*. See Hess v. Reg-Ellen Machine Tool Corp., 423 F.3d 653, 658 (7th Cir.2005). Where, however, a plan affords the plan administrator discretion to construe policy terms, we review the administrator's finding under a deferential arbitrary or capricious standard of review. *Id.* Under such a deferential standard, a district court should limit its review to the administrative record. *Id.*, at 662. In this case, plaintiff does not contest that general rule, nor does she

dispute that the plan at issue was subject to an administrator's discretionary interpretation.[1] Rather, she argues that the "CNA Plan Administrator's Record is so deficient in this case as to preclude a finding that a genuine evaluation was made concerning Bingham's benefit application" (plf's response at 6).

It is clear from the CNA Human Resources manual that plaintiff did not qualify as an employee whose time should be bridged for purposes of benefits and severance. Defendant's written policy stated that employees would be considered "reinstated" for purposes of bridging employee benefits only if the employee's break in service was less than two years or an exception was approved by CNA's Senior Vice President of Human Resources (*see* def's reply at 6-7) (*citing* Kennedy Aff., ex.G., pp. D00003-00004)[2]. In reviewing a challenge to an ERISA administrator's denial of benefits under an arbitrary or capricious standard of review, we must find that the plan administrator gathered enough evidence upon which to make a reasonable decision. *See* <u>O'Reilly v. Hartford Life & Accident Ins. Co.</u>, 272 F.3d 955, 961 (7th Cir.2001) ("ERISA does not require a 'full-blown' investigation, but it does demand a 'reasonable inquiry'" into claimant's assertions). Because plaintiff's break in service was seven years, and there is no evidence of an approved exception, we find that the administrator's decision was reasonable.

Therefore, plaintiff's only chance of success must arise from her estoppel claim. In the ERISA context, to succeed on an estoppel claim, plaintiff must show a knowing

---

[1] The CNA Severance Pay Plan states, "The CNA Severance Pay Plan is administered by a Plan Administrator. The Plan Administrator has full discretion to construe and interpret all benefit plans, as well as the authority and responsibility to make all factual and legal determinations" (def's mem, ex.G, p.D00054). The plan administrator had discretionary authority to make benefit determinations according to the terms of the Severance Pay Plan.

[2] The administrative record is missing Bates-stamped page D00006, on which we assume the 24-month limit is found. Defendant must supplement the administrative record with that page.

misrepresentation made in writing, that plaintiff reasonably relied upon, to her detriment. Coker v. Trans World Airlines, Inc., 165 F.3d 579, 585 (7th Cir.1999); Jacobs v. Xerox Corp. Long Term Disability Income Plan, 356 F.Supp.2d 877, 891 (N.D.Ill.2005). Unless the ERISA plan is ambiguous, the Seventh Circuit has foreclosed any estoppel claim based on oral modifications or promises. *See* Frahm v. Equitable Life Assur. Soc. of U.S., 137 F.3d 955, 960 (7th Cir.1998) (prohibiting an estoppel claim based on oral modifications to an ERISA plan because "[h]avoc would ensue if plans meant different things for different participants, depending on what someone said to them years earlier"); Plumb v. Fluid Pump Service, Inc., 124 F.3d 849, 856 (7th Cir.1997) (denying an estoppel claim based on an oral statement that certain expenses would be covered under plaintiff's plan, stating, "ERISA does not permit the oral modification of substantive provisions of a written ERISA plan"); Pohl v. National Benefits Consultants, Inc., 956 F.2d 126, 128 (7th Cir.1992) (explaining that allowing oral modifications to ERISA plans would thwart the purpose of ERISA to "protect the financial integrity of pension and welfare plans by confining benefits to the terms of the plans as written"). *Cf.* Bowerman v. Wal-Mart Stores, Inc., 226 F.3d 574, 588 (7th Cir.2000) (allowing an estoppel claim based on oral modifications to an ERISA plan only where the plan itself was ambiguous and subject to confusion). In this case, although the requirements for a reinstated employee arose from the Human Resources manual, and not the CNA Severance Pay Plan, the Human Resources manual was incorporated into the various benefits plans and therefore can be viewed as part of the ERISA plan (*see* def's mem, ex.G, p.D00058).[3] The terms of the

---

[3] Even if we do not consider the Human Resources manual as incorporated into the ERISA plan, plaintiff's promissory estoppel claim, based on her employment contract with CNA, would be barred by the statute of frauds, as her employment contract was for longer than one year and the promise on which she relied was not reduced to writing. *See* McInerney v. Charter Golf, Inc., 680 N.E.2d 1347, 1353 (Ill.1997) (holding that "the statute of frauds operates even when there has been reliance on a promise").

Human Resources manual and ERISA plan were clearly set forth and only allegedly modified by oral promises. Therefore, plaintiff cannot base her estoppel claim solely on those alleged oral promises.

As plaintiff cannot base her estoppel claim on oral promises, she can only base her claim on written documents proving that her benefits had previously been bridged, and therefore, they should continue to be bridged. Two questions then arise: (1) Should the record of written documentation have been established during the administrative appeals, or can it be established at this stage in the litigation? and (2) Who had the burden of developing that record?

An ERISA beneficiary is required to exhaust all of her ERISA claims, including estoppel claims, during her administrative appeals. Jacobs, 356 F.Supp.2d at 892-93 (holding that plaintiff could not present his ERISA estoppel claim to the district court because he did not properly exhaust it before the administrative review board). *See also* Stark v. PPM America, Inc., 354 F.3d 666 (7th Cir.2004) (affirming the district court's dismissal of an ERISA claim not properly presented to the administrative review board); DeBartolo v. Blue Cross Blue Shield of Illinois, 375 F.Supp.2d 710, 714 (N.D.Ill.2005) (refusing to allow plaintiff to raise arguments in the district court that he did not raise during his ERISA administrative appeals). In fact, in a previous opinion in this case, we held that, to avoid "rendering the exhaustion requirement meaningless," plaintiff was required to exhaust her estoppel claim in her ERISA appeals. Bingham v. CNA Financial Corp., 2004 WL 2390093, *3 (N.D.Ill.2004). Therefore, as plaintiff was required to exhaust her remedies with respect to her estoppel claim, as well as her ERISA claim, the record should have been established during that process.

The written record was not, however, fully developed during the administrative appeal.

Thus, our second question arises: Who had the burden of establishing that record? We start with the basic contention that in a claim of promissory or equitable estoppel, the party asserting estoppel carries the burden of proving the essential elements of her claim. Matter of Larson, 862 F.2d 112, 115 (7th Cir.1988); Schmertmann v. Int'l Painters and Allied Industry Pension Fund, 354 F.Supp.2d 830, 838 (C.D.Ill.2005). Second, we note that the CNA Severance Pay Plan specifically stated that when requesting an administrative appeal, "please state the reason(s) you believe the claim was improperly denied and submit any additional information you think is appropriate" (def's mem, ex.G, p.D00055). Finally, we observe that the ERISA statute requires the plan administrator, as a fiduciary, to disclose certain materials to beneficiaries. See 29 U.S.C. § 1024(b) (requiring the plan administrator to provide a summary plan description of the ERISA plan). Even those documents that the statute requires the administrator to disclose, however, generally require a written request for disclosure. See Kleinhans v. Lisle Savings Profit Sharing Trust, 810 F.2d 618 (7th Cir.1987) (refusing to award plaintiff-beneficiary the statutory penalty for administrator's failure to provide information required by the ERISA statute without a request for such information). Taking these observations together, we find that it was plaintiff's responsibility to provide whatever written documents she had to support her estoppel claim during her administrative appeals, and request whatever documentation she was lacking.

It appears that plaintiff exhausted her court-mandated administrative appeals in form only, not in substance. Although the "Benefits at CNA" brochure explained, "[i]f your claim for a welfare benefit is denied or ignored, in whole or in part, you have a right to ... obtain copies of documents relating to the decision without charge ...." (def's mem, ex.G, p.D00066), plaintiff did not enter into her appeal any document except a letter from her attorney, nor did

she request any additional documents to enter in support of her claim. This is true even though she was informed that "any additional submission you make will be reviewed by [administrator] and become part of the administrative record in this matter" (def's reply at 4). Plaintiff should not be able to simply pay lip service to the administrative appeal requirements set forth in ERISA, and be rewarded with full discovery in her preferred forum. Thus, we find that the plan administrator's findings on the estoppel claim are, like the ERISA claim, entitled to a deferential standards of review. *See* Jacobs, 356 F.Supp.2d at 893 (noting, in reference to its decision to require plaintiff to exhaust his administrative remedies with respect to his estoppel claim, that "the estoppel argument depends on factual and interpretive issues that are intertwined with the plan administrator's assessment of the plan documents, and the plan administrator's resolution of those issues would have been entitled to substantial deference"). Therefore, plaintiff is not entitled to further discovery on her estoppel claim.

We recognize that in effect we have made a determination similar to one for summary judgment. As the motion was to limit discovery to the administrative record, however, our holding will be limited to addressing that specific issue.

## CONCLUSION

For the foregoing reasons, defendant's motion for a protective order limiting discovery is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec. 19, 2005.