IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANE BINGHAM,            )
                          )
         Plaintiff,       )
                          )
    vs.                   )   No. 04 C 2581
                          )
CNA FINANCIAL CORPORATION,)
                          )
         Defendant.       )

## MEMORANDUM OPINION AND ORDER

In a memorandum opinion and order of December 19, 2005, we granted defendant's motion for a protective order limiting discovery, and explained why. We recognized that we there in effect made a determination that entitled defendant to summary judgment, but that was not the motion then before the court. Defendant's motion for summary judgment followed, and we grant it.

Plaintiff has continued to resist that result, relying in large measure on the fact that her personnel file was not part of the administrative record. As we have previously ruled, she should have brought to the attention of the Plan Administrator whatever she thought was relevant from that file, and she could have done so. But as a practical matter, the Plan Administrator was well aware that her personnel file did disclose, for some purposes and at least for some period of time, that the 1985 hiring date prevailed. These included, apparently, an award for years of service, some vacation benefits, and initial eligibility for retirement benefits. Other documents indicate a rehire date in 1995. It is unclear whether the references, one way or another, are due to deliberate decision or inadvertence. The facts remain, however, that the ERISA-sensitive documents did not permit bridging without a specific authorization,

and there was none.

The grant of summary judgment for defendant on the $43,359.23 claim does not, however, end the matter. Defendant now claims that it is not obligated to pay the severance amount, $19,571.71, which it previously agreed was due and owing, because plaintiff failed to sign a release in a timely fashion and therefore that severance package did not vest. It claims some support for that position in Panaras v. Liquid Carbonic Industries, 1995 WL 117967 (N.D.Ill.).

We disagree. This lawsuit has always been about the amount in excess of $19,571.71. We have no reason to believe that plaintiff doubted the validity of her claim. From her perspective, she had been treated as a reinstated employee for various purposes, and defendant had initially so treated her when she was terminated. If she signed the release she had to abandon her claim to the increased severance. In effect, defendant is contending that her pursuit of her claim permitted them to deny payment of an amount it recognized would have been due. Pursuit of her claim has led to discriminatory retaliation for having done so. And that it cannot do. Heath v. Varity Corp., 71 F.3d 256 (7th Cir. 1995).

In a technical sense, no claim for the $19,571.71 is pending; plaintiff was not advised until now that it was in dispute. We see no reason, however, to require yet more pleadings and briefings in this already extended litigation. We construe plaintiff's response to defendant's motion as a motion for summary judgment in that amount, and we grant it.

James B. Moran
JAMES B. MORAN
Senior Judge, U. S. District Court

Nov. 17, 2006.